is Scott v. Antero Resources Corporation, number 211188. Mr. Birch, you may proceed. Good morning, and may it please the Court. My name is Rex Birch, and I represent Vincent Scott and the other Antero workers in this appeal. Antero did not pay Mr. Scott or his colleagues on a salary basis. It paid him on a daily basis. Because it paid him on a daily basis, it is not entitled to the benefit of any of the white-collar exemptions, regardless of whether we are applying the standard test for exemption or the test applicable to so-called highly compensated employees. This result is required by a straightforward application of the text of the regulations and is confirmed by the en banc decision from the Fifth Circuit in Hewitt v. Helix, the Sixth Circuit Court of Appeals in Hughes v. Gulf Interstate, and literally 80-plus years of consistent guidance from the United States Department of Labor. The District Court held that payment on a pure day-rate basis can qualify as payment on a salary basis, depending on when the money is actually dispersed. That interpretation of the salary basis test is flatly incorrect, and this Court should reverse it, as every address the same issue has done. The FLSA requires, as we all know, employers to pay most employees overtime. There are exceptions. These exemptions are affirmative defenses which employers like Antero bear the burden of proof. The one we're talking about here today deals with the exemptions for executive, administrative, and professional employees. Unlike some of the exemptions, these exemptions are delegated to the United States Department of Labor for the purposes of defining. The Department of Labor has the express authority to define and to limit these exemptions by its regulations. That authority has not been challenged in this case. So, I guess that's a long way of saying what the Department of Labor has done. The current regulations, the ones we're talking about today, they've been amended since this case has started and has been going on, were implemented in 2004. Everybody agrees on that. Some of them are attached to the appellee's brief. The regulations contain standard exemption cases, as well as a test applicable when administrative, executive, or professional employees are considered to be highly compensated. When the test for highly compensated employees changes something about the default regs, the default tests, it does so explicitly. For example, the highly compensated exemption says very clearly, we are relaxing the duties test because these folks make more money. That's not true with respect to the salary basis test. It explicitly incorporates the salary basis test. I don't want to get too much into the weeds, but my colleagues across the bar pretend like it incorporates 541-602 explicitly and exclusively. It does not. It refers to the salary basis test as set forth in subpart G of the regulations. Before we leave that, I'd like to also note that when the department changes something, changes the application of the salary basis test in some way, it does that explicitly as well. There are numerous instances in the 541 regulations where there are changes to the salary basis test. 541-101 exempts owners of more than 20% of a business from the salary basis regulations. 541-304 exempts doctors, lawyers, and teachers from the salary basis test. And at 541-709, there is an exemption from the salary basis test specifically for folks that are employed in the movie production industry. And it The Department of Labor, of course, has said in response to a request for a ruling that a $1,500 day rate, significantly higher than Mr. Scott's day rate, would constitute payment on the salary basis. And the Secretary of Labor, the Department of Labor under Secretary Eugene Scalia said no. The amount of pay does not change the basis on which it's paid. Well, counsel, I think we are definitely in the weeds at this point. Okay. Sorry about that. I'm not sure there's any avoiding it. One thing you mentioned about the highly compensated employee provision, that's 541-601, is that it does include or incorporate the salary basis test, which is 541-602, but doesn't say anything about 541-604. It does not say 541-602. It says the salary basis test. All right. But it doesn't say anything about 604. Or 602 either. Yes. Well, the salary basis test is 602. So let's talk about that. The Department of Labor Well, isn't it? I mean, 602 is the salary basis test, right? That is the general rule for the salary basis test. That's where the salary basis test is located. I'm looking at it right here. 541-602, salary basis. A says general rule. That is where the general rule There's a cross reference to that in 601, correct? Yes. And there's a cross reference to it in 541-604. All right. Let me get to my question. Oh, I'm sorry. There is no cross reference to 604 in 601. There is no, to me, there is no cross reference to 541-602. That isn't my point. There's a cross reference to the salary basis test. Yes. Correct? Part of it is, yes. All right. I'm not asking about that anymore. Okay. There's no cross reference to 604. Why isn't that an indication that 604 does not apply to HCEs? Because none of the white collar exemptions reference 541-604. 541-604 has to be there for something, right? Indeed, the default regulations There is reference in the beginning in subpart A that the following subparts, B, C, D, E, F, that subpart G contains regulations that are applicable to them. But that doesn't include the HCE provision. Sure it does. No, it doesn't. Okay. I just disagree with that. I mean, I don't, I don't There's no reference, there's no reference to that provision in what I just quoted to you. Where is it? There's no reference, perhaps I'm misunderstanding what you're asking for. Well, maybe you are, but if you're going to disagree, why don't you have the provision in front of you and we'll go through it. Okay. Let's look at the provision. All right. The provision 541-B. 541-B. 541-B is not, it's not a section. 541.0-B. 0.0-B. Okay. Are you there? Yes. Requirements of these exemptions are contained in this part as follows. Executive employee subpart B, administrative subpart C, professional subpart D, computer employee subpart E, outside sales employee subpart F. Okay. So far we don't have any HCEs. All, well None of those provisions address HCEs. That's, that's just not true, Your Honor. Why? Because the highly compensated test is just that. It is not a standalone exemption. That's precisely the ruling from the Fifth Circuit. That's precisely the ruling from the Eighth Circuit. It's precisely the ruling from the Sixth Circuit. Okay. I understand, I understand your reading of that. So let's, okay. I understand your response. We may see it a little differently, but I understand what you're saying. Right. So, subpart G also contains a provision for exempting certain highly compensated employees, right? Yes. It doesn't say that's a standalone exemption. And that is what 601 does. Because 60, it makes sense to point that out. Because it's in the salary basis regulations, excuse me, the salary requirements. But it alters the duties test, right? So you want to point out, hey, by the way, you need to look at that when you're talking about highly compensated employees. Because although it's in the salary requirements, it's altering the duties test. I mean, this exact argument, of course, was made and rejected to the Fifth Circuit Court of Appeals, right? This kind of, oh, you should infer from this, or take by innuendo, that that means that the highly compensated exemption is exempt from the salary basis requirements. Again, we've gone through several examples of what the department does when the department wants to exclude somebody from the salary basis test. They say so explicitly. Well, let me just ask you a different. I'm still on the applicability of 541-604. I mean, you spent most of your introduction on the salary basis test. So I just want to make sure we know where we are at this point. So that's what I'm asking you about. In determining whether 604 applies, isn't the question what type of exempt employee it covers and not how that person's pay is calculated? 541-604? Yeah. No. That is clearly, it is expressly based on how their pay is computed. If their earnings are computed on a time basis, on an hourly, a daily, or shift basis, you're in 541-604. There's no way around that. That's exactly what the regulation says. It does not say anything about, there's absolutely nothing that says we're excluding folks that are highly compensated. Indeed, the introduction is an exempt employee. Start there. It says an exempt employee. And who is that? That's anybody that's exempt under these regulations. That's what I would read it. And your plaintiffs are exempt. Are they exempt? No. Clearly not. Because they're not paid on a salary basis. And so do we ever get to 604? Well, that's, I didn't want to cut Judge Matheson off, but you can stop at 541-602. That's kind of the maddening thing about this case, right? Did the Fifth Circuit really decide on that basis? I thought they decided primarily on whether 604 applies. I don't read it that way. Most of the opinion is on that question. Wouldn't you agree? I mean, if you're just counting words. Just counting, I'm sorry? Most of the opinion addresses 604B. Would you agree with that? Sure. It does, because 541-602 is easy, right? It's very easy to decide that case on 541-602. Well, if it's so easy, why even go to 604B? I could totally understand that. In fact, had we progressed a little further in my outline, I would have said almost precisely that. You can decide this case easily on 541-602. Because everybody has agreed from 1938, 1940 at the absolute latest, all the way through the current administration. Everybody has agreed. Everybody but the district court? Quite literally everybody but this district court. I mean, there are scads of cases that address it. There are at least two circuit courts that have addressed it. And both of them have disagreed with the district court here. And the United States Supreme Court has said repeatedly that a day rate, a pure day rate, which is what everybody agrees we're talking about here, does not qualify as payment on a salary basis. And we know as early as 1965, they specifically addressed the issue of whether or not somebody whose day rate was above the minimum salary would qualify as salary. And they still said no. And we talked earlier about the 2020 opinion letter that was issued under Eugene Scalia's watch. They confirmed that somebody making $1,500 a day would still not be salaried. And I think that part's the easiest. If I was looking for a way to resolve this case quickly, I would say I'm resolving it on 541-602 because that kills not only the salary basis test under 541-602 but also 541-604 because there's an element of the reasonable relationship test requires that there be a salary. So if you don't meet it, you fail on it. If it's that easy, can you just help me with one thing on 602? In looking at the regulation itself, does it say that the salary basis test turns on how the employee's salary is calculated? Yes. Okay, but can you take me through where it says that? It says weekly or less frequent basis. Is it daily or less frequent basis? It is. It is more frequent than weekly. That's the problem. It's weekly or less frequent basis. Meaning monthly. Meaning weekly, monthly, yearly. Okay, but that's how they're paid, not how it's calculated. No. When they talk about basis, and this is replete in the 541 regs as well as by Congress in 29 U.S.C. 213, when they use the word basis, they're talking about how that pay is calculated. Your guys are paid on a monthly basis. No, my guys were paid on a daily basis. Hourly basis, people aren't paid. The money comes to them in a check on a monthly basis, doesn't it? It does. Well, that's a monthly basis. It is not. An hourly employee doesn't get paid. You just said they got a check on a monthly basis. That's how they're paid. They do receive the money on a monthly basis. An hourly employee doesn't get it. I understand your point. You're over time, Counselor. Okay, thank you, Your Honor. Can I ask you to go ahead and introduce yourself? Good morning, Your Honor. May it please the Court, please. I'm the same way with the treats on the breaks. Can I ask you how 604 even applies? Because it only applies to exempt employees. And if you're an exempt employee under 602, then if you're not an exempt employee under 602, under salary basis, then how do you ever get 604? Good question, Your Honor. So the exemption here is under 601. It's a highly compensated employee, and we need to satisfy the salary basis test. The key issue here is the one that Judge Matheson was honing in on. 604 does not apply to 601. And let me explain. You didn't answer my question, though. And I understand 601 is the operative for highly compensated employees, but the fight here is on 602, which is salary basis. And as Counsel points out, it seems like the weight of authority is against you on that. And my point is that if you fail under 602 and that employees are not exempt under 602 because they don't qualify under salary basis, when we go to 604, it starts out talking about exempt employees. And so the ticket to the ballroom for 604 is that you've already been determined to be an exempt employee. If you lose on 602, how do you ever get 604? So I take your question to be, do we get through the gate on 602? And if we don't, then we don't get to 604. So I agree with that. I don't want to dance in the ballroom of 604 at all, and I'll explain why not. But let's get to 602 since that's where the rubber hits the road. Salary basis is a term of art, as this Court has recognized. It does not conform with the common understanding of the term salary, as this Court has said. So let's get straight to the text of 602A. There are three elements to determine whether you're paid on a salary basis. The first is whether the employee regularly receives each pay period on a weekly or less frequent basis a predetermined amount of money. This case arises on the summary judgment record. The undisputed evidence is that they regularly received payment in monthly intervals. The undisputed record also establishes that they were guaranteed to receive a predetermined amount that's equivalent to their day rate between $1,000 or $1,400 any week in which they performed any work. The second element. Well, pause there, which is if the day rate's $1,000, say, but I'm on one of these shifts that does two weeks or whatever, so I get paid way more than that really by the week. If the day rate is $1,000, then what is the predetermined amount? $1,000. The salary basis test is about a minimum guarantee. It is the floor that establishes whether you're a – it's a proxy, Your Honor, for whether someone is actually a bona fide administrative executive and professional. So the predetermined amount is different from what I actually am paid? Absolutely, and that's a critical distinction, Your Honor. The salary basis test is not about total compensation. Those are addressed in other regulations. The salary basis test, and this is a little counterintuitive, but all the cases talk about the guarantee, the floor of regularity, that if you show up at work for one minute during that week, what will you be guaranteed to receive? In this case, that is $1,000. And the second element of the test proves this. Walk with me through this string of words. Regularly receives each pay period on a weekly basis a predetermined amount. That says how much you get that week. It doesn't say how much you get one day if you only work one day. It says how much you get if you work a week. Judge Phillips, let's continue reading that sentence because I think it illuminates the answer. The predetermined amount constitutes all or part of their compensation. If you work one day, it will be all of your compensation. If you work two or more days, it will be part of your compensation. Let me give you a rival interpretation of or part of, which is we go down to the rest of 602 and we talk about commission and guaranteed bonuses and so forth. That's the other part. That's the other part of your ultimate pay. And those commissions and other parts are not in 602. Those are in 601 and 604. 601 is the highly compensated employee provision. That is about total compensation, whether you make in total $100,000. 604 is about minimum guarantees plus extras. That's total compensation. Minimum guarantee is the salary basis. Extras gets you to your total compensation. Both of these regulations address the same issue in parallel, not conjunction. And let me explain why. They protect employees in two very different ways in relation to the salary basis requirement. 604B compares the guaranteed amount with, quote, the amount actually earned and says we want to protect lower earning employees by making sure that the salary guarantee is most of what you make. And we're going to set a ratio of 1.5 to make sure that that's a serious guarantee. 601 does the same thing but differently. It protects employees by looking at the total amount earned and protects them by saying we're not going to micromanage what that ratio is if you make $100,000. That is, we don't care how your extras are computed. We don't care what the ratio is. If you make $100,000, that's a separate protection. That explains why 604B is not grafted onto 601. These are parallel protections, not ones that work in conjunction. Why can't you have both? Why can't you have under 601 this extra money that gets you up to $100,000? Boom, you're exempt. And now you go to 604 and you say, I'm exempt. I have my ticket to the ballroom. And you go through 604 of dense steps and you decide whether any of that matters in your situation. As the First and Second Circuit have held, applying 604B to the highly compensated employee in 601 does a lot of violence to the statute. Can I just, I think this is a really important point, but it seems like we're starting to move beyond the salary basis test. Could I just ask, because one of the counterarguments seems to be that the salary actually paid to the district, the drilling consultants, is based on the number of days worked rather than, this is a quote from the regs, without regard to the number of days worked. That seems to be one of the counterarguments. Could you, I mean I want to get to 604, but that's the one thing I wanted to ask about 602. And all of these weeds are important, so I appreciate the opportunity. So let's talk about what that sentence actually says in 602A. Because paraphrasing isn't helpful when we're talking about a term of art. So it says, the exempt employee must receive the full salary, that's a reference to the predetermined amount, which our position is that's the $1,000 guarantee, in any week in which they perform any work, right, without regard to the number of days or hours worked. If they show up for one minute during that week, they perform any work, then that full salary is guaranteed. The next sentence is very important. Exempt employees need not be paid for any work week in which they perform no work. That sentence doesn't appear in the plaintiff's briefs on appeal. It doesn't appear in the majority opinion in Helix. It establishes that this is not our common conception of a salary or total compensation. Judge Hartz relied on that language and other indications in the salary basis test to say this is not what we commonly think of as the full amount you're paid. This is the minimum guarantee, the floor, that you must be guaranteed. And then when we're talking about total compensation, then we look to 601 to see whether these are highly compensated employees. The plaintiffs here are white-collar supervisors who made hundreds of thousands of dollars per year. They were guaranteed $1,000 for any week that they performed any work. They are among the highest paid workers in America. And so I think it's important here that we focus on whether each of the elements of 602A are met. The plaintiffs haven't identified a single word or phrase that their compensation arrangement doesn't meet. In order to rule for them, you have to adopt an inflexible rule. You have to say that employees that receive a day rate will never be exempt. You have to say that they are always entitled to overtime, whether they make $1,000 a day, $10,000 a day, $100,000 a day. It doesn't matter for their test. What they do to reach that result is they take the focus away on what you regularly receive, and as Judge Mathison described, they focus on how it's computed or calculated. Those words do not appear in 602A. It's about the minimum guarantee. I think I appreciate your explanation, and I apologize to Judge Phillips. I think I interrupted the colloquy in 604. Let me pivot right back to that, but one last point on the salary basis. Their position elevates form over substance. Let me give you two compensation arrangements that I think plaintiffs would say satisfies the salary basis test. If you were paid $1,000 in weekly wages, but a $1,000 bonus for every day you worked that week over the first day, or the second arrangement, you're paid $1,000 per day, but you're guaranteed no less than $1,000 per week. Those are identical to day rate compensation arrangements, and if you have an interpretation that elevates the practical semantics over the practical substance, I think that's a strong indication that you're doing violence to the text. How about we have a rule that requires the employer simply to be straightforward and say, here's how much you're going to get a week, instead of this daily $1,000 bid, and here we are in court. It would have been very simple for the employer here to say, here's how much you get paid a week, and it's seven times what the daily figure is we gave. End of story, right? The salary basis test is written to accommodate a wide array of compensation arrangements, and the two that I just described would have met your Honor's test, and they are functionally equivalent to a day rate. And so we need to apply that term of art literally to the words in the regulation, and we still haven't identified any word or phrase that isn't within the flexibility of that test. I want to use my time to pivot back to your important question about 604. So I was beginning to answer about the violence to the text. The Second Circuit does a good job analyzing that, as well as the dissent into it by Judge Jones. So the first problem, there are several problems with the 604. One is the lack of incorporation by reference. Your Honor pointed out that with the standard exemptions, it does exist in 541.0b. But let's also talk about the structure. I want to jump right to the surpluses point. So the surpluses point is that 601.b.1 and 601.b.2 talk about the extras, the additional compensation in the form of bonuses and other discretionary payments. 604.a does the same thing. If those regulations were talking about the same employees, they would only need to be written once. It's an indicia that, in fact, they're talking about two different sets of employees, highly compensated employees and lower compensated employees. The plaintiffs never addressed 604.a and the surpluses problem, neither does the majority in Hewitt. Well, counsel, to that point, 604.b, as Mr. Birch pointed out, begins with an exempt employee's earnings, exempt employee. It doesn't qualify those words. It doesn't say exempt employees except for HCEs. It's just a general reference to exempt employees, and HCEs are exempt employees. So why wouldn't 604.b apply to HCEs just by virtue of that initial phrase? Let me give you a textual answer and then also a harmonious interpretation answer because I think they're both relevant. One, the highly compensated employees are introduced differently in the form of their exemption. The standard exemptions say that someone is exempt. The HCE exemption says you are deemed exempt. Deemed is actually a more powerful word when it's used in the regulatory or statutory context, and that's Webster v. Doe from the Supreme Court. It says when something is deemed, then it is true whether or not other people say it exists, but it's also not subject to additional limitations or criteria. Let me turn to the harmonious interpretation point. 601 says that there is a salary guarantee floor. That comes out to $23,000 a year. That's $455 multiplied times 52. So if you make $23,000, you satisfy the salary basis test. If you have to make $100,000 to qualify for a highly compensated employee, that ratio is 4 to 1. That means that the regulation as written, if the reasonable relationship test is applied, doesn't make sense. There's an empty category of employees who are guaranteed between $23,000 and $66,000. You can't live in that universe, and yet 601 says that that's permissible. And so that's another reason why 604B should not be grafted on to 601, just as the Second Circuit has held and the First Circuit as well. I see I'm out of time. Your Honor, the flexibility in the salary basis test is sufficient, and more importantly, the text is literal to accommodate the compensation arrangement in this case. We ask the district court be affirmed. Thank you, counsel. Do we have any rebuttal time? No. Okay. Sorry. I think you both went over a little bit. So we will consider the case submitted. And counsel, thank you both for your arguments. They were very helpful.